IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| STEVEN D. FERGUSON, and ) | |
| SHIRLEY A. FERGUSON, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACT. NO.  1:09cv635-MHT |
| ) | (WO) |
| BELL HELICOPTER TEXTRON INC., ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Now pending before the court is the defendant's motion to quash (doc. # 152) filed on August 23, 2011. The defendant seeks to quash the deposition notice issued by the plaintiffs to deponent Rohn Olson.  According to Bell Helicopter, because deponent Rohn Olson has been deposed as the FED.R.CIV.P. 30(b)(6) representative for Bell Helicopter Textron, Inc., the plaintiffs cannot redepose Olson without leave of the court pursuant to FED.R.CIV.P. 30(a)(2)(A)(ii).   Bell Helicopter asserts that deposing Olson further is duplicative, burdensome and unreasonable.[1]  The court heard oral argument on the motion on August 31, 2011.  For the reasons that follow, the motion to quash is due to be denied.

It is undisputed that on August 9, 2011, the defendant tendered Rohn Olson for deposition as its Rule 30(b)(6) corporate representative.  Thereafter, the plaintiffs noticed

---

[1] Bell Helicopter also objected to the notice as untimely; the plaintiffs gave four (4) days notice for the deposition.  While the notice was untimely, that problem was cured when the court stayed the deposition.

Olson's deposition in his individual capacity as a fact witness. The defendant objects to "subjecting" Olson to another deposition because Olson was "examined extensively" on the very topics on which the plaintiffs are seeking to redepose him.

> A deposition pursuant to Rule 30(b)(6) is substantially different from a witness's deposition as an individual. A 30(b)(6) witness testifies as a representative of the entity, his answers bind the entity and he is responsible for providing all the relevant information known or reasonably available to the entity . . . Moreover, if the persons designated by the corporation do not possess personal knowledge of the matters set out in the deposition notice, the corporation is obligated to prepare the designees so that they may give knowledgeable and binding answers for the corporation. Thus, the duty to present and prepare a Rule 30(b)(6) designee goes beyond matters personally known to that designee or to matters in which that designee was personally involved. . . . In other words, "[U]nder the law, a corporate entity is distinct from individuals who control or manage the corporation."

*Equal Employment Opportunity Commission v. Winn-Dixie, Inc.*, 2010 WL 2202520 (S.D. Ala. 2010) (No. CA 09-0643-C) (citations omitted, alterations in the original). *See also DHL Express (USA), Inc., v. Express Save Indus., Inc.*, 2009 WL 3418148 (S.D. Fla. 2009) (No. 09-60276-CIV); *Provide Commerce, Inc. v. Preferred Commerce, Inc*., 2008 WL 360588 (S.D. Fla. 2008) (No. 07-80185 CIV.)

The court concludes that Olson's deposition as the corporate representative for Bell Helicopter does not preclude his subsequent deposition in his individual capacity as a fact witness. Accordingly, for the reasons as stated in this opinion and in open court, and based on representations of counsel, it is

ORDERED that the motion to quash (doc. # 152) be and is hereby DENIED. It is further

ORDERED that the deposition of Rohn Olson shall be by telephone, and shall not exceed two hours.

Done this 2nd day of September 2011.

          /s/Charles S. Coody
          CHARLES S. COODY
          UNITED STATES MAGISTRATE JUDGE